**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40436
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

HECTOR MARIO DE LA ROSA-MASCORRO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-189-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Hector Mario De La Rosa-Mascorro (De La Rosa) appeals the

57-month sentence imposed on remand following his conviction for

attempted illegal reentry into the United States after

deportation.  Resentencing was ordered in light of the decision

in United States v. Booker, 543 U.S. 220 (2005).

De La Rosa's sentence was within a properly calculated

advisory guideline range.  De La Rosa argues that his sentence

was unreasonable because the district court improperly assessed

and balanced the sentencing factors set forth in 18 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3553(a). Specifically, De La Rosa argues that he presented "heart-wrenching family circumstances," and that the district court should have given more weight to the evidence that his incarceration has caused his family undue hardship. He further asserts that the court's doubt of the accuracy of the testimony of his wife is unsupported. Finally, he states that the court improperly minimized the family circumstances and relied too heavily on De La Rosa's criminal history.

While De La Rosa's assertions could possibly support a decision to impose a sentence below the applicable guidelines range, they do not show that the sentence assessed by the district court was unreasonable. The district court acknowledged that the Guidelines were advisory and that it was required to consider the sentencing factors of § 3553(a). Further, the court considered all those factors and explained in detail its reasoning for the imposition of De La Rosa's 57-month sentence. De La Rosa has failed to persuade us that the sentence imposed by the district court is unreasonable.

De La Rosa also repeats his argument unsuccessfully made in his initial appeal that his sentence under 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), but concedes that the issue is foreclosed by the law of the case doctrine. This argument is not reconsidered in light of the law of the case doctrine. See United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.